Filing # 111794652 E-Filed 08/14/2020 10:00:49 AM

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

TONY ALVARENGA,

      Plaintiff,

v.

LEXJAX, INC. D/B/A FIELDS COLLISION
CENTER JACKSONVILLE,

      Defendant.

CASE NO:
DIVISION:

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, TONY ALVARENGA ("Plaintiff"), sues Defendant, LEXJAX, INC. D/B/A

FIELDS COLLISION CENTER JACKSONVILLE ("Defendant"), and alleges:

**I.    JURISDICTION AND PARTIES**

    1.    This is an action for damages exceeding $30,000 and injunctive relief under the

Florida Civil Rights Act ("FCRA") and the Americans with Disabilities Act, as Amended by the

Americans with Disabilities Act Amendments Act ("ADAAA").

    2.    Plaintiff is a former employee of Defendant.  Specifically, and within the time

frame pertinent to this action, Plaintiff was employed as an Auto Painter in Duval County.  At the

time of Plaintiff's unlawful termination, he was employed as an Auto Painter in Duval County,

Florida.

    3.    Defendant has been, within the time frame pertinent to this action, doing business

in Duval County, Florida.

    4.    Plaintiff timely filed a charge of discrimination and retaliation with the Equal

Employment Opportunity Commission ("EEOC") on May 1, 2019, which was amended on May

14, 2019.  This charge was dual-filed with the FCHR.  Plaintiff's timely filed charge alleged

discrimination based upon handicap and disability, as well as retaliation. More than 180 days have passed since Plaintiff filed the charge and no cause finding was issued within that time frame. A right to sue notice was received by Plaintiff on July 8, 2020. This action is timely filed.

## II.   STATEMENT OF FACTS

5.      Plaintiff was employed by Defendant for more than six (6) years. During the entirety of his employment, Plaintiff was employed as an Auto Painter.

6.      During the last six (6) months of Plaintiff's employment, he was supervised by Lloyd Jones, Defendant's Body Shop Manager.

7.      There were multiple buildings located on Defendant's premises where Plaintiff worked. For much of Plaintiff's employment, he worked in the building where the materials and mixing equipment necessary to perform his duties were located. In November of 2018, Plaintiff's worksite was abruptly moved to a different building. This decision was made by Mr. Jones.

8.      As a consequence of this change in Plaintiff's worksite, he was no longer working in a building where all of the equipment and materials he needed to perform his work were located. Thus, repeated travel between the buildings during the course of Plaintiff's workday was thereafter necessary in order to perform his job.

9.      Plaintiff was involved in an automobile accident on, or about, November 20, 2018. This accident exacerbated preexisting issues Plaintiff had had with his back. Defendant was aware of these preexisting issues.

10.     Plaintiff suffered injuries to his back and neck areas during that accident. Plaintiff's injuries have substantially limited him in a number of ways. Among other things, Plaintiff is limited in the amount of weight he can lift and in bending his back; Plaintiff lives with persistent pain, making it difficult to sleep, stand, or sit; and Plaintiff walks with a noticeable limp.

11.     For instance, and in the absence of mitigating measures, Plaintiff's injuries restricted him to lifting no more than 20-25 pounds and limited the distances or amount of time Plaintiff could walk without pain or other issues (such as a sensation of numbness).

12.     These limitations existed for the remainder of Plaintiff's employment with Defendant following the accident in November of 2018.

13.     Defendant was aware of Plaintiff's injuries, as well as their extent and effect on Plaintiff.

14.     Plaintiff was on medical-related leave beginning on, or about, December 4, 2018, and ending on April 12, 2019.

15.     Prior to December 4, 2018, Plaintiff asked Mr. Jones to accommodate his injuries. Plaintiff asked to have his worksite moved to his former building where he would be closer to all of the equipment and materials necessary to perform his work.

16.     Mr. Jones disregarded and denied Plaintiff's requests for an accommodation.

17.     Plaintiff returned to work on April 12, 2019.

18.     Prior to returning from leave, Plaintiff again requested a reasonable accommodation from Defendant. Plaintiff did not receive a response to this request prior to being terminated.

19.     Upon Plaintiff's return, he was informed by Mr. Jones that he (Mr. Jones) was being given discretion to determine what would constitute fair compensation for the work Plaintiff performed on a particular automobile.

20.     Plaintiff objected to this new pay scheme. Plaintiff feared it would result in a significant reduction in his pay.

21.     Plaintiff also (again) requested a reasonable accommodation for his disability at that time.  Plaintiff requested that he be moved to his prior building/worksite where all of the materials and equipment he needed to perform his duties were located.  Plaintiff also requested, as an alternative, that all of the necessary materials and equipment be moved to his current building/worksite.

22.     Mr. Jones immediately denied Plaintiff's requests without any further consideration or discussion.

23.     Plaintiff was then immediately terminated.

24.     As a consequence of Defendant's illegal conduct, Plaintiff has retained counsel to represent him in this matter.  Plaintiff has incurred, and will continue to incur, attorneys' fees and costs associated with that representation.

### COUNT I
### HANDICAP DISCRIMINATION (FAILURE TO ACCOMMODATE) IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLA. STAT. 760 ET SEQ.

25.     Plaintiff hereby restates and realleges each and every factual allegation contained within paragraphs 1-24.

26.     Defendant is, and at all material times has been, an employer within the meaning of the FCRA.

27.     Plaintiff's limitations stemming from the injuries he suffered during a November, 2018 automobile accident substantially impacted Plaintiff's major life activities.  The major life activities substantially limited included, but were not limited to, sitting, standing, walking, and lifting.

28.     Plaintiff's injuries stemming from a November, 2018 automobile accident constitute a handicap within the meaning of the FCRA.

4

29.     Plaintiff was capable of performing the essential functions of his position with or without a reasonable accommodation.

30.     Plaintiff was entitled to a reasonable accommodation for his handicap.

31.     Defendant had an obligation to engage in an interactive process with Plaintiff following his requests for reasonable accommodation.

32.     Plaintiff requested that Defendant provide him with reasonable accommodations on more than one occasion during his employment.

33.     Plaintiff's requested accommodations were denied.

34.     Defendant failed to engage in any interactive process with Plaintiff. Indeed, Defendant expressly refused to engage in such a process with Plaintiff.

35.     Plaintiff's handicap could have been reasonably accommodated by Defendant.

36.     The discrimination described above was done maliciously, intentionally, and with a reckless disregard for Plaintiff's protected rights under the law.

37.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of earning capacity, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay, reinstatement or front pay, compensatory and emotional distress damages, damages for loss of earning capacity, repayment for attorneys' fees and costs pursuant to § 760.11, punitive damages, prejudgment interest, equitable relief, and any and all other relief that the court deems just, equitable, and proper.

5

## COUNT II
## HANDICAP DISCRIMINATION (TERMINATION) IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLA. STAT. 760 ET SEQ.

38.     Plaintiff hereby restates and realleges each and every factual allegation contained within paragraphs 1-24.

39.     Defendant is, and at all material times has been, an employer within the meaning of the FCRA.

40.     Plaintiff's limitations stemming from the injuries he suffered during a November, 2018 automobile accident substantially impacted Plaintiff's major life activities.  The major life activities substantially limited included, but were not limited to, sitting, standing, walking, and lifting.

41.     Plaintiff's injuries stemming from a November, 2018 automobile accident constitute a handicap within the meaning of the FCRA.

42.     Plaintiff was capable of performing the essential functions of his position with or without a reasonable accommodation.

43.     Defendant regarded Plaintiff as having a handicap.

44.     Plaintiff is the member of a protected class (handicap), was qualified for the position he held, and was subjected to adverse employment action when he was terminated.

45.     Plaintiff's protected class (handicap) was a motivating factor, as well as the but-for cause, of the adverse employment action to which he was subjected.

46.     When Plaintiff alerted Defendant to his limitations and his desire for a reasonable accommodation, he was told that it (an accommodation) was not going to happen and that he was being terminated because there was no longer a place for him in Defendant's employ.

47.     Plaintiff was terminated expressly on account of his actual and/or perceived handicap.

48.     The discrimination described above was done maliciously, intentionally, and with a reckless disregard for Plaintiff's protected rights under the law.

49.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of earning capacity, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay, reinstatement or front pay, compensatory and emotional distress damages, damages for loss of earning capacity, repayment for attorneys' fees and costs pursuant to § 760.11, punitive damages, prejudgment interest, equitable relief, and any and all other relief that the court deems just, equitable, and proper.

**COUNT III**
**RETALIATION (TERMINATION) IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, FLA. STAT. 760 ET SEQ.**

50.     Plaintiff hereby restates and realleges each and every factual allegation contained within paragraphs 1-24.

51.     Defendant is, and at all material times has been, an employer within the meaning of the FCRA.

52.     Plaintiff's limitations stemming from the injuries he suffered during a November, 2018 automobile accident substantially impacted Plaintiff's major life activities.  The major life activities substantially limited included, but were not limited to, sitting, standing, walking, and lifting.

7

53. Plaintiff's injuries stemming from a November, 2018 automobile accident constitute a handicap within the meaning of the FCRA.

54. Plaintiff was capable of performing the essential functions of his position with or without a reasonable accommodation.

55. Plaintiff was entitled to a reasonable accommodation of his disabilities.

56. Plaintiff sought out a reasonable accommodation of his disabilities on more than one occasion.

57. Plaintiff's last request for a reasonable accommodation came mere moments before Defendant terminated him.

58. Plaintiff engaged in protected activity when he sought a reasonable accommodation for his disability.

59. Plaintiff's protected class (protected conduct) was a motivating factor, as well as the but-for cause, of the adverse employment action to which he was subjected.

60. When Plaintiff alerted Defendant to his limitations and his desire for a reasonable accommodation, he was told that it (an accommodation) was not going to happen and that he was being terminated because there was no longer a place for him in Defendant's employ

61. Plaintiff was terminated expressly on account of his having sought out a reasonable accommodation.

62. The retaliation described above was done maliciously, intentionally, and with a reckless disregard for Plaintiff's protected rights under the law.

63. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of earning capacity, loss of other

employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay, reinstatement or front pay, compensatory and emotional distress damages, damages for loss of earning capacity, repayment for attorneys' fees and costs pursuant to § 760.11, punitive damages, prejudgment interest, equitable relief, and any and all other relief that the court deems just, equitable, and proper.

**COUNT IV**
**DISCRIMINATION (FAILURE TO ACCOMMODATE) IN VIOLATION OF TITLE I**
**OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED BY**
**THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT,**
**42 U.S.C. 12101 ET SEQ.**

64.     Plaintiff hereby restates and realleges each and every factual allegations contained in paragraphs 1-24.

65.     Defendant is, and at all material times has been, an employer within the meaning of the ADAAA.

66.     Plaintiff's limitations stemming from the injuries he suffered during a November, 2018 automobile accident substantially impacted Plaintiff's major life activities.  The major life activities substantially limited included, but were not limited to, sitting, standing, walking, and lifting.

67.     Plaintiff's injuries stemming from a November, 2018 automobile accident constitute a disability within the meaning of the ADAAA.

68.     Plaintiff was capable of performing the essential functions of his position with or without a reasonable accommodation.

69.     Plaintiff was entitled to a reasonable accommodation for his disability.

9

70.     Defendant had an obligation to engage in an interactive process with Plaintiff following his requests for a reasonable accommodation.

71.     Plaintiff requested that Defendant provide him with reasonable accommodations on more than one occasion during his employment.

72.     Plaintiff's requested accommodations were denied.

73.     Defendant failed to engage in any interactive process with Plaintiff.  Indeed, Defendant expressly refused to engage in such a process with Plaintiff.

74.     Plaintiff's disability could have been reasonably accommodated by Defendant.

75.     The discrimination described above was done maliciously, intentionally, and with a reckless disregard for Plaintiff's protected rights under the law.

76.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of earning capacity, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay, reinstatement or front pay, compensatory and emotional distress damages, damages for loss of earning capacity, repayment for attorneys' fees and costs pursuant to 42 U.S.C § 12117, punitive damages, prejudgment interest, equitable relief, and any and all other relief that the court deems just, equitable, and proper.

## COUNT V
### DISABILITY DISCRIMINATION (TERMINATION) IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AS AMENDED BY THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT, 42 U.S.C. § 12101 ET SEQ.

77.     Plaintiff hereby restates and realleges each and every factual allegation contained within paragraphs 1-24.

10

78.     Defendant is, and at all material times has been, an employer within the meaning of the ADAAA.

79.     Plaintiff's limitations stemming from the injuries he suffered during a November, 2018 automobile accident substantially impacted Plaintiff's major life activities.  The major life activities substantially limited included, but were not limited to, sitting, standing, walking, and lifting.

80.     Plaintiff's injuries stemming from a November, 2018 automobile accident constitute a disability within the meaning of the ADAAA.

81.     Plaintiff was capable of performing the essential functions of his position with or without a reasonable accommodation.

82.     Defendant regarded Plaintiff as having a disability.

83.     Plaintiff is the member of a protected class (disability), was qualified for the position he held, and was subjected to adverse employment action when he was terminated.

84.     Plaintiff's protected class (disability) was a motivating factor, as well as the but-for cause, of the adverse employment action to which he was subjected.

85.     When Plaintiff alerted Defendant to his limitations and his desire for a reasonable accommodation, he was told that it (an accommodation) was not going to happen and that he was being terminated because there was no longer a place for him in Defendant's employ.

86.     Plaintiff was terminated expressly on account of his actual and/or perceived disability.

87.     The discrimination described above was done maliciously, intentionally, and with a reckless disregard for Plaintiff's protected rights under the law.

11

88. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of earning capacity, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay, reinstatement or front pay, compensatory and emotional distress damages, damages for loss of earning capacity, repayment for attorneys' fees and costs pursuant to 42 U.S.C. § 12117, punitive damages, prejudgment interest, equitable relief, and any and all other relief that the court deems just, equitable, and proper.

## COUNT VI
### RETALIATION (TERMINATION) IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AS AMENDED BY THE AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT, 42 U.S.C. § 12101 ET SEQ.

89. Plaintiff hereby restates and realleges each and every factual allegation contained within paragraphs 1-24.

90. Defendant is, and at all material times has been, an employer within the meaning of the ADAAA.

91. Plaintiff's limitations stemming from the injuries he suffered during a November, 2018 automobile accident substantially impacted Plaintiff's major life activities. The major life activities substantially limited included, but were not limited to, sitting, standing, walking, and lifting.

92. Plaintiff's injuries stemming from a November, 2018 automobile accident constitute a disability within the meaning of the ADAAA.

93. Plaintiff was capable of performing the essential functions of his position with or without a reasonable accommodation.

12

94.     Plaintiff was entitled to a reasonable accommodation of his disabilities.

95.     Plaintiff sought out a reasonable accommodation of his disabilities on more than one occasion.

96.     Plaintiff's last request for a reasonable accommodation came mere moments before Defendant terminated him.

97.     Plaintiff engaged in protected activity when he sought a reasonable accommodation for his disability.

98.     Plaintiff's protected class (protected conduct) was a motivating factor, as well as the but-for cause, of the adverse employment action to which he was subjected.

99.     When Plaintiff alerted Defendant to his limitations and his desire for a reasonable accommodation, he was told that it (an accommodation) was not going to happen and that he was being terminated because there was no longer a place for him in Defendant's employ.

100.    Plaintiff was terminated expressly on account of his having sought out a reasonable accommodation.

101.    The retaliation described above was done maliciously, intentionally, and with a reckless disregard for Plaintiff's protected rights under the law.

102.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of earning capacity, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of economic damages, back pay, reinstatement or front pay, compensatory and emotional distress damages, damages for loss of earning capacity, repayment for attorneys' fees and costs pursuant to 42 U.S.C.

13

§ 12117, punitive damages, prejudgment interest, equitable relief, and any and all other relief that

the court deems just, equitable, and proper.

Respectfully submitted,

/s/Ronald P. Angerer, II
Archibald J. Thomas, III
Florida Bar No. 231657
thomas@job-rights.com
Ronald P. Angerer, II
Florida Bar No. 0104874
ronald@job-rights.com
ARCHIBALD J. THOMAS, III, P.A.
4651 Salisbury Road, Suite 255
Jacksonville, Florida 32256
(904) 674-2222 (Telephone)
(904) 296-2341 (Facsimile)

ATTORNEYS FOR PLAINTIFF

14